UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trisura Specialty Insurance,

        Plaintiff,        Case No. 21-12427

v.        Judith E. Levy
        United States District Judge

Gavita North America *et al.*,

        Mag. Judge Curtis Ivy, Jr.

        Defendants.

_____/

## ORDER VACATING SHOW CAUSE [17]

Plaintiff Trisura Specialty Insurance filed the complaint in this matter on October 14, 2021. (ECF No. 1.) To date, Plaintiff has not filed proof of service upon Defendant Plusrite Electric Company (hereinafter, "Defendant Plusrite"), nor has Defendant Plusrite filed an answer. On May 23, 2022, the Court entered an order for Plaintiff to show cause in writing by June 6, 2022, as to why the complaint should not be dismissed against Defendant Plusrite. (ECF No. 17.)

On June 3, 2022, Plaintiff timely responded to the show cause order. (ECF No. 18.) In the response, Plaintiff indicated that Defendant Plusrite is a Chinese corporation with its principal place of business in

China. (*Id.* at PageID.113.) According to Plaintiff, Defendant Plusrite has retained attorneys based in the United States but has nonetheless "refused service." (*Id.*) Plaintiff alleges that it is in the process of obtaining service on Defendant Plusrite pursuant to the Hague Convention; time estimates for this process are indicating that service may take up to one year. (*Id.*)

Plaintiff has satisfied the May 23, 2022 Show Cause Order (ECF No. 17). Federal Rule of Civil Procedure 4(h)(2) authorizes service abroad "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides, in relevant part, as follows:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(hereinafter, "the Hague Convention")];
>>
>> \*\*\*
>>
>> (3) by other means not prohibited by international agreement, as the court orders.

2

Fed. R. Civ. P. 4(f). The United States and China are both signatories to the Hague Convention. The Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, Art. 1.[1] Prior cases in this district have confirmed Plaintiff's assertion that China has been taking up to or longer than one year to process documents served pursuant to the Hague Convention in previous years. *See, e.g.*, *FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *2 (E.D. Mich. Sept. 19, 2017) (finding that the plaintiff's assertions that China has been taking up to one year or more to process documents served under the Hague Convention to be accurate). Accordingly, the Court finds that Plaintiff may properly attempt to effectuate service under the Hague Convention for Defendant Plusrite pursuant to Rules 4(h)(2) and 4(f)(1).

The 90-day time limit for service in Rule 4(m) does not apply to the service of a corporate defendant in a foreign country. *See* Fed. R.

---

[1] The Court notes that Sixth Circuit has not directly addressed whether a party must first attempt service through the Hague Convention pursuant to Rule 4(f)(1) prior to seeking leave to use alternative methods of service set forth under Rule 4(f)(3). Furthermore, district courts within the Sixth Circuit have been divided on this question. *See Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 104 (N.D. Ohio 2021) (summarizing cases).

3

Civ. P. 4(m). The Sixth Circuit has not previously determined whether there is any limitation on the time in which a plaintiff may serve process in a foreign country. *See Greanex LLC v. Triem*, No. 20-36-DLB, 2021 WL 1230484, at *3 (E.D. Ky. Mar. 31, 2021). Nevertheless, district courts within this district have found that "the amount of time allowed for foreign service is not unlimited." *Alam v. Al Jazeera English*, No. 21-10389, 2021 WL 2471475 at *3 (E.D. Mich., June 17, 2021) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Plaintiffs must demonstrate "reasonable diligence in attempting service" to avoid a without-prejudice dismissal under Rule 4(f). *Id.* (citing *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012)). Dismissal with prejudice is appropriate where a plaintiff fails to prosecute its case entirely. *See, e.g.*, *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736–38 (6th Cir. 2008).

It has been approximately eight months since Plaintiffs filed its complaint on October 14, 2021. Although Plaintiff indicates that it "will file Proof of Service" "[a]s soon as service is perfected upon [Defendant] Plusrite" (ECF No. 18, PageID.114), the Court reminds Plaintiff that "the amount of time allowed for foreign service is not unlimited." *Alam*,

4

No. 21-10389, 2021 WL 2471475 at *3. Accordingly, the Court warns Plaintiff that a dismissal of claims against Defendant Plusrite will be appropriate if Plaintiff fails to prosecute its case in the coming months. *See Johnson Elec. N. Am., Inc. v. Daimay N. Am. Auto., Inc.*, No. 19-CV-13190, 2021 WL 4290200, at *4 (E.D. Mich. Sept. 21, 2021).

IT IS HEREBY ORDERED that the May 23, 2022 Show Cause Order (ECF No. 17) has been satisfied and is vacated.

IT IS SO ORDERED.

Dated: June 15, 2022      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2022.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager